UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMELIA WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA DAVIS, *Court Services and Offender Supervision*,<br><br>    Defendant. | Civil Action No. 22-cv-1467 (TSC) |

## MEMORANDUM OPINION

On May 27, 2022, Plaintiff Jamelia Washington filed a *pro se* complaint against Defendant Marcia Davis, an employee of the Office of Court Services and Offender Supervision.  *See* ECF No. 4, Compl.  Plaintiff asks the court for a "fair hearing and court date," alleging that in 2012, Davis "ordered" men to throw her to the ground, take her child, who is Indian, and involuntarily commit her to a mental health facility.  *Id*., ECF p. 1-2.  On June 6, 2022, the government moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), failure to state a claim under Rule 12(b)(6), and insufficient service of process under Rule 12(b)(5).  ECF No. 7, Def.'s Mot. to Dismiss at 2-3.

In July 2022, the court directed Plaintiff to respond to Defendant's motion to dismiss or risk dismissal.  ECF No. 8.  To date, she has failed to respond.  For the reasons set forth below, the court will GRANT the government's Motion to Dismiss, ECF No. 7, and dismiss this case without prejudice for failure to serve process.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4 governs service of process. A plaintiff must serve a copy of the summons and complaint on each defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m). Serving a United States officer or employee sued in their individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf requires:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e); *see id.* 4(i)(3). If service is contested, the plaintiff must show that they satisfied "Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quotation omitted). If the plaintiff fails to do so, the court must "order that service be made within a specified time" or "dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

## ANALYSIS

Before a court may exercise personal jurisdiction over a defendant, the plaintiff must effectuate proper service. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Failure to do so is a "fatal" jurisdictional defect. *Koerner v. United States*, 246 F.R.D. 45, 47-48 (D.D.C. 2007). While *pro se* plaintiffs receive more latitude to correct defects in service of process than represented plaintiffs, *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 778 (D.C.

Cir. 2012), they are not permitted to ignore the Federal Rules, *Bloem v. Unknown Dep't of the Interior Emps.*, 24 F. Supp. 3d 97, 104 (D.D.C. 2014). Accordingly, when a *pro se* plaintiff fails to correct service deficiencies or establish good cause for that failure, the court may dismiss their claims without prejudice. *Darby v. McDonald*, 307 F.R.D. 254, 258 (D.D.C. 2014); *Bloem*, 24 F. Supp. 3d at 105.

In the six months since she filed her Complaint and Defendant moved to dismiss it, Plaintiff has not effectuated service on Defendant or responded to Defendant's Motion to Dismiss, despite the court's warning that failing to do so could result in dismissal of this action. Nor has Plaintiff sought an extension of time in which to serve process or respond to the motion. The court will therefore dismiss the action without prejudice. *Darby*, 307 F.R.D. at 258; *Bloem*, 24 F. Supp. 3d at 105.

Because the court concludes that Plaintiff has failed to effectuate service, it will not reach the government's other arguments for dismissal. Fed. R. Civ. P. 4(m); *see, e.g.*, *Lemma v. Hisp. Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 24-26 (D.D.C. 2018).

## CONCLUSION

For the reasons stated above, the court will GRANT the government's Motion to Dismiss for failure to effect proper service, ECF No. 7, and DISMISS this action without prejudice.

Date: December 20, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge